(69 Misc. Rep. 27.)

ALLISON, Commissioner of Jurors, v. KATZ.

(City Court of New York, Special Term.  September, 1910.)

JURY (§ 74*)—FAILURE OF JUROR TO OBEY SUBPŒNA—POWER OF COURT TO·
    REMIT FINE.
    Where, on hearing of an order upon a delinquent juror to show cause·
    why the payment of a fine imposed for a failure to appear in pursuance·
    of a subpœna should not be enforced, the fine previously imposed was re-
    duced, the power of the court was exhausted, and it could not after-
    wards entertain a motion to set aside the fine, the order for its enforce-
    ment being conclusive, under Judiciary Law (Consol. Laws, c. 30) § 658;.
    and the juror's only remedy is by appeal.
    [Ed. Note.—For other cases, see Jury, Dec. Dig. § 74.*]

Action by Thomas Allison, Commissioner of Jurors, against Mor--
ris Katz, a delinquent juror.  On motion for an order to remit fine..
Motion denied.

Archibald R. Watson, Corp. Counsel, for plaintiff.
Emil A. Klein, for defendant.

FINELITE, J.  The delinquent had been duly subpœnaed as a:
juror by the commissioner of jurors to attend at Trial Term, Part 3,
of this court for the term commencing April 18, 1910.  He failed to·
appear.  A fine of $100 was thereupon imposed, in accordance with
the statute in such case made and provided, for his delinquency.  At·
the end of said term the clerk of said Trial Part made his returns to·
the commissioner of jurors, including the names and residences of
each person notified who did not attend or serve, and the name and·
residence of each person fined, and the date and amount of his fine,.
which return contained the name of this delinquent.  The commis-
sioner of jurors thereupon transmitted the list of the delinquent ju--
rors (including the name of this delinquent) who have been returned·
as fined to the counsel to the corporation of the city of New York.
Judiciary Law (Consol. Laws, c. 30) art. 17, § 650.

Thereafter, and on June 21, 1910, an order to show cause was·
granted by this court and duly served upon said delinquent to show
cause before this court on June 22, 1910, at 2 o'clock p. m., why the·
payment of the fine of $100 imposed should not be enforced, with
costs, in pursuance of article 17, §§ 651, 652, 653, Judiciary Law
(Consol. Laws, c. 30).  On said return day delinquent appeared in
pursuance to said order to show cause, and after a hearing had the·
fine was reduced to the sum of $50 and costs, which fine was paid
by said delinquent on the 27th day of June, 1910.  On September 14,
1910, said delinquent obtained an order to show cause from one of
the justices of this court, returnable on the 16th day of September,.
why the commissioner of jurors should not show cause and why an
order should not be made herein reducing and setting aside the fine·
imposed upon said Morris Katz as a delinquent juror and directing
the repayment to him of the fine imposed.  On the return day of said
order to show cause the corporation counsel, on behalf of the commis-
sioner of jurors, duly appeared in opposition thereto.

When said fine was imposed, if the delinquent felt aggrieved thereby, it was his duty to appeal therefrom to the Appellate Term. As this court, after making its order, lost jurisdiction in the premises, and the order for the enforcement of the fine, in whole or in part, is conclusive in respect thereto (Judiciary Law, art. 17, §§ 650–658), the motion for an order to remit said fine must therefore be denied, without costs.

Motion denied.